UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2026 MAR -9 A 10: 18
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

**DONTA JENKINS,**

Plaintiff,

CASE NO. 26-cv-194-wmc

**SGT. FIELDS,** in his individual and official capacities, **SGT. PENDERGRASS,** in his individual and official capacities, **JAIL OFFICER ADDIS,** in his individual and official capacities, **JAIL OFFICER FELTON,** in his individual and official capacities, **JAIL OFFICER KLEIN,** in his individual and official capacities, **JAIL OFFICER TURNER,** in his individual and official capacities, **JAIL OFFICER ALTMAN,** in his individual and official capacities, **UNKNOWN JAIL OFFICER A,** in his individual and official capacities, **UNKNOWN JAIL OFFICER B,** in his individual and official capacities, **NURSE AUTUMN,** in her individual and official capacities, **EAU CLAIRE COUNTY,**

Defendants.

CASE NO.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND STATE LAW TORTS**

**JURY TRIAL DEMANDED**

**REFILED COMPLAINT**

This complaint is timely refiled pursuant to Federal Rule of Civil Procedure 41(b). The prior action, *Jenkins v. Fields, et al.*, Case No. 3:22-cv-00447-wmc, was dismissed without prejudice on **[DATE OF DISMISSAL]** for failure to prosecute. This refiled action is brought within the applicable statute of limitations for all claims asserted herein. Under Federal Rule

of Civil Procedure 41(b), a dismissal without prejudice does not operate as an adjudication on the merits and therefore does not bar this subsequent refiling. All claims are timely under the applicable statutes of limitations. For claims brought under 42 U.S.C. § 1983, the applicable limitations period is Wisconsin's three-year statute for personal injury actions. All supplemental state law claims are also filed within their respective limitations periods.

## INTRODUCTION

1. This is a civil rights action for monetary damages brought pursuant to 42 U.S.C. § 1983 to redress the violation of Plaintiff Donta Jenkins's rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff also brings supplemental state law claims for battery, intentional infliction of emotional distress, and negligence.

2. While incarcerated at the Eau Claire County Jail, Plaintiff was subjected to two separate incidents of unprovoked, malicious, and sadistic use of excessive force by Defendant correctional officers. Following these assaults, Defendants were deliberately indifferent to his serious medical needs, providing no meaningful medical care and subjecting him to further cruel and unusual punishment.

3. This action is timely refiled within the applicable statute of limitations following a dismissal without prejudice for failure to prosecute of a prior action, *Jenkins v. Fields, et al.*, Case No. 3:22-cv-00447-wmc (W.D. Wis.), pursuant to Federal Rule of Civil Procedure 41(b).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as the claims arise under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983, which creates the cause of action.

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy that forms the basis of the federal claims.

6. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b), as all events and omissions giving rise to the claims occurred within this judicial district, at the Eau Claire County Jail located in Eau Claire, Wisconsin.

7. The Court is authorized to award attorney's fees and costs pursuant to 42 U.S.C. § 1988. This action is brought in compliance with the procedural requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

**PARTIES**

8. **Plaintiff Donta Jenkins** is, and was at all times relevant to this complaint, a citizen of the State of Wisconsin. At the time of the incidents described herein, he was an inmate at the Eau Claire County Jail.

9. **Defendant Sgt. Fields** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Sergeant employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

10. **Defendant Sgt. Pendergrass** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Sergeant employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

11. **Defendant Jail Officer Addis** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Jail Officer employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

12. **Defendant Jail Officer Felton** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Jail Officer employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

13. **Defendant Jail Officer Klein** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Jail Officer employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

14. **Defendant Jail Officer Turner** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Jail Officer employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

15. **Defendant Jail Officer Altman** is, upon information and belief, an adult resident of Wisconsin and was, at all relevant times, a Jail Officer employed by the Eau Claire County Jail. He is sued in his individual and official capacities.

16. **Defendants Unknown Jail Officer A and Unknown Jail Officer B** are, upon information and belief, adult residents of Wisconsin who were, at all relevant times, Jail Officers employed by the Eau Claire County Jail. Their names are not currently known to Plaintiff and will be substituted by amendment upon their identification through discovery. They are sued in their individual and official capacities.

17. **Defendant Nurse Autumn** is, upon information and belief, a registered nurse employed by Wellpath or a similar entity contracted to provide medical services at the Eau Claire County Jail. She is sued in her individual and official capacities.

18. **Defendant Eau Claire County** is a municipal entity organized under the laws of the State of Wisconsin, which operates, manages, and funds the Eau Claire County Jail and is responsible for the policies, customs, and practices therein, as well as the hiring, training, and supervision of its employees.

19. At all times relevant, the individual Defendants acted under color of state law, within the scope of their employment, and pursuant to the authority of their positions as employees of the Eau Claire County Jail.

**LEGAL BACKGROUND**

20. The Constitution of the United States guarantees all persons, including prisoners and pre-trial detainees, the right to be free from cruel and unusual punishment. This right is secured by the Eighth Amendment and is made applicable to state actors, such as county jail officials, through the Due Process Clause of the Fourteenth Amendment.

21. The federal Civil Rights Act, 42 U.S.C. § 1983, provides a legal remedy for any person who has been deprived of their constitutional rights by an individual acting under the authority or "color" of state law.

22. The Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. § 1997e, sets forth procedural requirements for litigation brought by prisoners concerning prison conditions, including the requirement that inmates exhaust available administrative remedies before filing a lawsuit in federal court.

## STATEMENT OF FACTS

23. On July 28, 2022, Plaintiff Donta Jenkins was an inmate housed in the booking area of the Eau Claire County Jail, in Cell #7.

### First Incident: Unprovoked Chemical Agent Attack

24. At approximately 5:30 PM on July 28, 2022, Plaintiff was in his cell feeling stressed, depressed, and emotionally distraught. Seeking privacy, he covered the in-cell camera with tissue paper.

25. Shortly thereafter, Defendant Sgt. Fields, Defendant Sgt. Pendergrass, and several other officers appeared at his cell door.

26. Without provocation or explanation, the food trap on the cell door flew open, and Sgt. Fields began shouting at Plaintiff to "cuff up."

27. Plaintiff, who posed no threat and was seated in the corner of his cell, calmly asked why he needed to be cuffed and where he was being moved.

28. In response to this simple question, Sgt. Fields became visibly angry. Rather than de-escalating the situation, Sgt. Fields maliciously and sadistically deployed a large quantity of a chemical agent, believed to be Oleoresin Capsicum (OC) spray, directly into the confined space of Plaintiff's cell through the food trap.

29. The chemical agent saturated Plaintiff's body, causing an immediate and excruciating burning sensation on his skin, particularly on his face, neck, back, and inner right ear. He began choking and coughing uncontrollably as the agent filled his lungs.

30. Only after being incapacitated by the chemical agent was Plaintiff removed from the cell. He was then transferred to a "suicide cell," despite having shown no signs of being suicidal. This transfer was punitive and unnecessary.

31. Plaintiff was provided grossly inadequate decontamination, consisting only of a few wet towels and a brief shower. The hot water from the shower reactivated the chemical agent, intensifying his pain.

32. Despite Plaintiff's repeated cries and complaints of extreme, ongoing pain, Defendants provided no medical attention for the chemical burns.

**Second Incident: Sadistic Physical Assault and Punitive Restraint**

33. Later that same evening, still suffering from the effects of the chemical agent and distraught from the unprovoked assault, Plaintiff began pounding on the door of the suicide cell and yelling in protest of his treatment.

34. In response, Defendants, including Jail Officer Felton and Jail Officer Klein, tormented Plaintiff by pushing their bodies against the cell door to amplify the sound and by providing him with a cup of hot water instead of cold water to drink.

35. Plaintiff's distress escalated, and he began to self-harm by biting his arm. Defendant Klein saw this and threatened to place him in a restraint chair. Plaintiff immediately ceased the self-harming behavior.

36. Despite Plaintiff's compliance and his obviously fragile emotional state—he was now sitting in the corner of the cell crying uncontrollably—several officers, including Defendants Klein, Addis, and Unknown Officer A, entered the cell to use force. Defendants Felton, Unknown Officer B, and Pendergrass stood outside.

37. The officers initiated a violent physical assault on the compliant and non-resistant Plaintiff. Defendant Addis grabbed Plaintiff's head and maliciously dug his four fingertips deep into the soft tissue under Plaintiff's jawbone, deliberately restricting his airway and causing significant pain.

38. Simultaneously, Defendants Klein and Unknown Officer A kneed Plaintiff in the back and legs, pinning him to the floor.

39. Plaintiff began to panic and, with the little breath he could muster, yelled out, "I can't breathe."

40. In response, Defendant Addis released his grip on Plaintiff's jaw, only to then use both hands and his full body weight to violently and repeatedly smash Plaintiff's face and head into the concrete cell floor.

41. While this assault was occurring, Defendant Unknown Officer B cuffed Plaintiff's legs.

42. After Plaintiff was fully restrained with his hands cuffed behind his back and his legs shackled, he was placed into a restraint chair. During this process, Defendant Felton maliciously twisted Plaintiff's left wrist and dug the handcuff deep into his flesh, causing extreme pain and injury as a further act of punishment.

43. Plaintiff was then strapped into the restraint chair for approximately two hours. He was deprived of his shirt and socks, leaving him cold and shivering. To exacerbate his suffering, Defendants opened an outside door to allow cold air to blow on him.

44. Defendant Nurse Autumn was brought in to conduct a wellness check. Plaintiff attempted to explain his injuries, including the severe pain in his head and face from the assault by Defendant Addis. Nurse Autumn was deliberately indifferent to these complaints, ignored his obvious new injuries, and provided no medical care, leaving him to suffer in the restraint chair.

45. Following these events, Plaintiff was placed on punitive restrictions, denying him access to his personal property and legal materials. His subsequent medical requests for his head, face, and shoulder injuries were largely ignored, with Defendants providing only Tylenol.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

46. Plaintiff has exhausted his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

47. Plaintiff submitted multiple healthcare request forms and inmate grievances concerning the events of July 28, 2022, including on or about July 29, July 30, and August 4, 2022.

48. These grievances were either ignored or improperly handled. In one instance, the grievance response was prepared by Defendant Addis, the very officer who assaulted him, rendering the process futile and biased. (See Exhibit C to prior complaint, Case No. 3:22-cv-00447-wmc).

## COUNT I: EXCESSIVE FORCE

**(Violation of the Eighth and Fourteenth Amendments, 42 U.S.C. § 1983) (Against Defendants Fields, Pendergrass, Addis, Felton, Klein, and Unknown Officers A and B)**

49. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

50. The Eighth Amendment's prohibition on cruel and unusual punishment, applicable to the states through the Fourteenth Amendment, protects inmates from the "unnecessary and wanton infliction of pain." As Plaintiff was a pre-trial detainee, his rights are secured by the Due Process Clause of the Fourteenth Amendment, which provides protections coextensive with those of the Eighth Amendment in this context.

51. The central inquiry for an excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992), established that such unnecessary and wanton infliction of pain constitutes punishment without any legitimate penological justification.

52. Defendant Fields's use of a chemical agent on Plaintiff, who was secured in his cell and posing no threat, was not a good-faith effort to maintain discipline. It was an unprovoked, malicious, and sadistic act intended to cause pain and suffering. When correctional officers act maliciously to cause harm, their conduct violates clearly established law.

53. The subsequent physical assault by Defendants Addis, Klein, and Unknown Officers A and B, including restricting Plaintiff's breathing and smashing his head into the floor while he was compliant, constituted a malicious and sadistic application of force intended to cause harm and punish him.

54. Defendant Felton's deliberate and painful tightening of Plaintiff's handcuffs was also a malicious and sadistic act of punishment, not a legitimate penological action.

55. Applying the factors from *Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004): (a) there was no need for the application of force; (b) the amount of force was grossly

disproportionate; (c) there was no reasonably perceived threat; (d) no effort was made to temper the force; and (e) the force caused significant injury and suffering.

56. As a direct and proximate result of these Defendants' actions, Plaintiff suffered physical injuries, pain, suffering, and emotional distress.

**COUNT II: DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS (Violation of the Eighth and Fourteenth Amendments, 42 U.S.C. § 1983) (Against All Individual Defendants)**

57. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

58. The Eighth Amendment, through the Fourteenth Amendment, requires prison officials to provide inmates with adequate medical care and prohibits "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

59. Plaintiff suffered from objectively serious medical needs, including chemical burns from the OC spray and physical injuries to his head, face, and wrist from the physical assault. Federal standards require the provision of adequate medical care, and the denial of adequate decontamination following exposure to a chemical agent constitutes deliberate indifference.

60. To establish deliberate indifference, a plaintiff must show that officials "knew of the need but deliberately disregarded it." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 531-32 (8th Cir. 2009).

61. All individual Defendants were aware of Plaintiff's injuries and his obvious pain. They personally observed the aftermath of the chemical spraying and the physical assault.

62. Despite this knowledge, they deliberately disregarded his need for medical attention. They failed to provide adequate decontamination, failed to summon medical staff

after the first incident, and actively ignored his complaints of head and facial injuries after the second incident. Defendant Nurse Autumn specifically disregarded his direct complaints of injury and left him to suffer.

63. This deliberate indifference to Plaintiff's serious medical needs caused him to endure unnecessary and wanton infliction of pain, constituting a violation of his Eighth Amendment rights.

## COUNT III: MUNICIPAL LIABILITY UNDER *MONELL*
## (Violation of 42 U.S.C. § 1983) (Against Defendant Eau Claire County)

64. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

65. Defendant Eau Claire County is liable for the constitutional violations suffered by Plaintiff because the actions of its officers were the result of an official policy, custom, or practice of the County.

66. Upon information and belief, Defendant Eau Claire County failed to adequately train and supervise its correctional officers regarding the constitutional limits on the use of force, de-escalation techniques, and the provision of medical care to inmates.

67. This failure to train and supervise amounts to deliberate indifference to the rights of inmates, including Plaintiff, and was the moving force behind the constitutional violations described herein.

68. The County's customs and practices, including allowing an officer accused of misconduct to respond to the resulting grievance, fostered an environment where constitutional violations were likely to occur and go unpunished.

## COUNT IV: BATTERY (Supplemental State Law Claim)
## (Against Defendants Fields, Addis, Felton, Klein, and Unknown Officers A and B)

69. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

70. The aforementioned Defendants intentionally made harmful and offensive physical contact with Plaintiff without his consent, in violation of Wis. Stat. § 940.19.

71. This conduct includes, but is not limited to, Defendant Fields spraying Plaintiff with a chemical agent and Defendants Addis, Felton, Klein, and the Unknown Officers physically striking, restraining, and injuring Plaintiff.

72. This conduct was not legally privileged or justified.

73. As a direct and proximate result, Plaintiff suffered physical injury, pain, and emotional distress.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Supplemental State Law Claim)**

**(Against All Individual Defendants)**

74. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

75. The conduct of the individual Defendants, as described above, was intentional, extreme, and outrageous.

76. Defendants acted for the purpose of causing Plaintiff to suffer severe emotional distress, or they acted with reckless disregard of the high probability that their conduct would cause such distress.

77. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including depression, anxiety, and mental anguish.

## COUNT VI: NEGLIGENCE (Supplemental State Law Claim)

**(Against All Individual Defendants)**

78. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

79. Defendants owed Plaintiff a duty of care to ensure his safety and well-being while he was in their custody, including the duty to refrain from using excessive force and to provide necessary medical care.

80. Defendants breached this duty through their actions and omissions as described herein.

81. As a direct and proximate result of Defendants' negligence, Plaintiff suffered physical injuries, pain, and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Donta Jenkins respectfully requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, and grant the following relief:

A. **Compensatory Damages** in the amount of $200,000.00 for physical injuries, pain, suffering, and emotional distress;

B. **Punitive Damages** against the individual Defendants in their individual capacities in the amount of $300,000.00 for their malicious, willful, and wanton disregard for Plaintiff's constitutional rights;

C. **Damages for Pain and Suffering** in the amount of $200,000.00;

D. **Damages for Mental Anguish** in the amount of $500,000.00;

E. Attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988; and

F. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 5, 2026

Respectfully submitted,

*[signature]*

/s/ Donta Jenkins **Donta Jenkins, Plaintiff Pro Se** [Plaintiff's Current Address] [Plaintiff's Phone Number] [Plaintiff's Email Address]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2026, I will serve a copy of the foregoing Complaint upon the Defendants by mailing a copy via U.S. Mail to their respective places of employment or registered agents.

/s/ Donta Jenkins **Donta Jenkins**